The judgment of the court (Rost, J. being absent,) was pronounced by
Eustis, C. J.
The defendant is sued as the acceptor of a bill of exchange which fell due on the 3d of July, 1838. It is dated Tchula, Mississippi, February 15th, 1838, and is drawn on Thomas Mather, New Orleans, and is accepted by him, payable at the Commercial Bank, New Orleans. The judgment of the district court was in favor of the defendant on the plea of prescription, more than five years having elapsed since the maturity of the bill. The plaintiff has appealed.
It is contended, that the prespriptipn, if ever acquired by the debtor has been renounced by his subsequent acknowledgment of the debt; and two letters and a deed of trust executed by another party have been referred to as proving the acknowledgment. We think the letters speak of this debt as any conscientious man would be at liberty to speak of a debt, from which he had been discharged by lapse of time, without reviving the obligation. Of this we find no intention on the part of the writer in either of the letters. We find no fact affording the presumption of the relinqpishmpnt of the right acquired by prescription, still less any express declaration to that effect. Code, 3424. Troplong on Prescription, § 156, and cases there cited.
The defendant’s acceptance bears the date of New Orleans, and it is admitted that he resided out of the State from the time the bill fell due to some time in 1844; and that from some time in 1844 the defendant resided in New Orleans for eighteen months, and that after that he went to Mexico, and has not resided in Louisiana since.
The indefinitiveness of the admissions on the record, as to the place of residence of the defendant, renders the application of the law of prescription in reference to it exclusively almost impossible. But it does not appear that the defendant abandoned his place of residence for the purpose of avoiding the pursuit of his creditors, which, if proved, would have avoided the effect of prescription in his favor. It does not appear that the residence of the defendant was in the State of Louisiana at the time of the acceptance of the bill; nor is there any evidence of the acceptance having been made in New Orleans, except its being dated there, which raises a presumption to that effect. Under the decisions of this court in the cases of Boyle v. Mann, 4th Ann. 170, and McMaster v. Mather, Ibid 418, we consider the debt sued for as prescribed by the lapse of five years.
The judgment of the district court is therefore affirmed, with costs.